IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| STEPHANIE M. STOTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:23-cv-00001 |
| | ) | |
| MICHAEL G. WONG, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is a pro se complaint brought by Stephanie Stotts against Michael Wong, the Executive Director of the Harrisonburg Redevelopment & Housing Authority. (*See* Compl., Dkt. No. 2.) It comes before the court on plaintiff's motion for leave to proceed in forma pauperis (IFP). (Dkt. No. 1.) For the reasons set forth below, the court will grant plaintiff's motion for leave to proceed IFP. The court will also sua sponte dismiss plaintiff's complaint for failure to state a claim, with leave to file an amended complaint.

**I. Motion to Proceed In Forma Pauperis**

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). A litigant may commence an action in federal court IFP by filing an affidavit in good faith containing a statement of assets and demonstrating that the litigant cannot afford to pay the required fees of the lawsuit. 28 U.S.C. § 1915(a)(1). An affidavit is sufficient if it states that "one cannot because of his poverty pay or give security for the costs . . . and still be able to

provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted); *see also Vestal v. N. Wake Eye Care*, No. 5:21-CV-70-M, 2021 WL 6327705, at *1 (E.D.N.C. Mar. 25, 2021). Ability to pay does not require that a plaintiff be "absolutely destitute." *Adkins*, 335 U.S. at 339.

Plaintiff has provided the court with information about her financial circumstances, and that information demonstrates to the court her inability to provide for the necessities of her life if required to pay the filing fee for this lawsuit. Therefore, the court will grant her leave to proceed IFP.

## II. Sua Sponte Dismissal for Failure to State a Claim

The IFP statute also provides that "the court shall dismiss the case at any time if the court determines that— . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The language of § 1915(e)(2)(B)(ii) parallels that of Federal Rule of Civil Procedure 12(b)(6). *Anderson v. Snap, Inc.*, Case No.: 22-cv-0256-GPC-DEB, 2022 WL 2759089, at *2 (S.D. Cal. July 14, 2022). Thus, the same standard that governs motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) governs sua sponte dismissal pursuant to § 1915(e)(2)(B)(ii). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

Plaintiff's complaint must include a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not mean that she needs to provide "detailed factual allegations," but the rule does require her to plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The only allegations in plaintiff's complaint, under the "Statement of the Claim" section, are as follows: "Harrisonburg Housing Authority Executive Director Michael G. Wong did break VA landlord tenant law, Americans Disibilities [sic] Act and intentional place life in jepardy [sic] with malicious thought." (Compl. ¶ 6.) These allegations do not permit the court to draw the "reasonable" inference that defendant is liable for the misconduct alleged. The complaint does not contain any allegations explaining what defendant did, aside from plaintiff's presumption that defendant broke the law. Plaintiff's allegations amount to legal conclusions which, standing alone, do not state a claim for relief. "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) and quoting *Iqbal*, 556 U.S. at 679).

For these reasons, the court will dismiss this action without prejudice for failure to state a claim with leave to file an amended complaint.

### III.  Conclusion and Order

For the reasons stated in this opinion, it is HEREBY ORDERED that plaintiff's motion to proceed IFP (Dkt. No. 1) is GRANTED. It is FURTHER ORDERED that plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim. If plaintiff wishes to file an

amended complaint, she must do so no later than twenty-one (21) days from the date of this order.

Entered: February 10, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge