IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| STEPHANIE M. STOTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:23-cv-00001 |
| | ) | |
| MICHAEL G. WONG, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 10, 2023, the court issued a memorandum opinion and order granting the pro se plaintiff's motion for leave to proceed in forma pauperis, but sua sponte dismissing this matter for failure to state a claim pursuant to the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend. (Dkt. No. 4.) The court directed that if plaintiff wished to file an amended complaint, she was required to do so within 21 days. (*Id.*) Plaintiff failed to meet the court's deadline, and as a result, this matter was terminated on March 7. Two days later, plaintiff filed a motion for leave to file her amended complaint past the deadline. (Dkt. No. 5.)

Motions for leave to amend that are filed post-judgment are subject to "the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *see* Fed. R. Civ. P. 15(a). District courts may deny leave to amend as futile if the proposed amended complaint "fails to withstand Rule 12(b)(6) scrutiny," *In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021), by failing to state a claim upon which relief may be granted. The court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, liberal

construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In her initial complaint, pro se plaintiff Stephanie Stotts sued Michael Wong, the Executive Director of the Harrisonburg Redevelopment & Housing Authority. (*See* Compl., Dkt. No. 2.) The court dismissed the original complaint because it contained only a bare conclusion that defendant broke the law, which did not permit the court to draw a reasonable inference that defendant is "liable for the misconduct alleged." (Dkt. No. 4 at 3.) Stotts' proposed amendment is lengthier and more detailed, but it does not succeed in stating any actionable claims. She alleges, for example, that there has been "[r]ampant discrimination against African Americans, primarily concerning their blatant harm, undue harassment, and continued denial of services implemented by management." (Dkt. No. 5-1 at 1.) This is, once again, a legal conclusion, not a fact that would permit the court to infer legal liability. Moreover, the allegation is not phrased in a manner to indicate that Stotts herself (as opposed to African Americans generally) has been discriminated against, and Stotts lacks standing to pursue claims on behalf of other individuals. The balance of the allegations in the proposed amendment are similarly flawed. Therefore, the court will deny leave to amend as futile.

Leave to amend will also be denied because plaintiff failed to establish good cause for missing the court's 21-day deadline to file an amended complaint. *See, e.g.*, *Eckert v. Suffolk Cnty. Jail*, 19-CV-06991 (JMA) (SIL), 2020 WL 1672324, at *1 (E.D.N.Y. Apr. 3, 2020) (applying good cause standard for extension of deadline to file amended complaint after sua sponte dismissal of complaint pursuant to § 1915(e)(2)(B)(ii)). The factors the court considers in evaluating good cause are the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant

acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010).  In her motion for leave to file an amended complaint, Stotts argues that her struggles with mental health and a specific incident, days before the deadline, caused her to miss the deadline.  Respectfully, this is not a sufficient explanation because it does not account for the entire 21-day period that the court afforded for filing an amended complaint.

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint (Dkt. No. 5) is DENIED.  The clerk of court is directed to transmit a copy of this opinion and order to the pro se plaintiff.

Entered: April 10, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge